UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Dale L. Ford, | ) C/A No.: 4:10-1207-RMG-TER |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Mr. Tom Fox, Jail Director, | ) |
| Defendant. | ) |

## I. PROCEDURAL BACKGROUND

The Plaintiff, Dale L. Ford ("Plaintiff"), filed this action under 42 U.S.C. § 1983[1] on May 12, 2010. Plaintiff alleges that his constitutional rights were violated by Defendant. Defendant filed a motion for summary judgment on October 25, 2010. Because Plaintiff is proceeding *pro se*, the court issued an order on or about October 26, 2010, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising that a failure to respond to the Defendant's motion for summary judgment could result in the dismissal of his complaint. The Roseboro Order was returned to the Clerk of Court's office *via* United States Postal Service on November 2, 2010, marked "Return to Sender" and "Inmate Not In Jail." (Document #27).

### A. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v.

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

    (1)    the degree of plaintiff's responsibility in failing to respond;

    (2)    the amount of prejudice to the defendant;

    (3)    the history of the plaintiff in proceeding in a dilatory manner; and,

    (4)    the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff has not responded to Defendant's motion for summary judgment or the court's Order requiring him to respond. Further, the Roseboro Order, the Scheduling Order, and the Order on Plaintiff's Motion for Leave to Proceed In Forma Pauperis were returned to the Clerk of Court's office *via* United States Postal Service as undeliverable. (Docs. # 14, 19, 27). Plaintiff has not provided the court with an updated address or filed any documents since the filing of the complaint on May 12, 2010. The undersigned concludes the Plaintiff has abandoned this lawsuit. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b).

## II.  CONCLUSION

As set out above, a review of the record indicates that the Plaintiff's complaint should be dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that Plaintiff's complaint be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b) with prejudice.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

December 3, 2010
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**